## ELLEN McDONALD *vs.* RHODE ISLAND COMPANY.

### PROVIDENCE—NOVEMBER 10, 1904.

PRESENT: Tillinghast, Douglas, and Dubois, JJ.

(1)  *Evidence.   Hypothetical Questions.*

It is the better practice to exclude a hypothetical question until a foundation for it has been laid by the evidence.

TRESPASS ON THE CASE.   Heard on petition of defendant for new trial, and granted conditionally.

TILLINGHAST, J.   During the trial of this case defendant's counsel, in cross-examination of Dr. Edgar B. Smith, an expert witness called by the plaintiff, asked a hypothetical question which involved an assumption concerning which no evidence had been offered.   The question was objected to by plaintiff's counsel and ruled inadmissible by the trial court, to which ruling the defendant excepted.

We think the ruling was clearly correct, and it was in accordance with the general, if not the uniform, practice in this State relating to such testimony.

It is doubtless within the discretion of the trial court to permit a hypothetical question, based upon an assumed state of facts to be asked, with the understanding that such a state of facts, shall afterwards be made to appear in evidence by the counsel who asks the question.   But the better practice is to

require that such facts, or evidence tending to prove them, shall be made to appear in the first instance.   For, otherwise, in case the party offering the opinion evidence fails to prove that the assumption upon which it was based was in fact true, the opposite party is very liable to be prejudiced by the introduction thereof.   See *Haish* v. *Munday*, 12 Bradwell (Ill.), 539.

In *Porter* v. *Ritch*, 70 Conn. 235, it was held that it was within the discretion of the trial court to exclude a hypothetical question until a foundation for it had been laid by the evidence.

A very good summary of the law bearing upon the question presented, together with references to numerous cases sustaining the same, may be found in Lawson on Expert and Opinion Evidence, 2d ed. pp. 162–172.

The exception is therefore overruled.

The newly discovered evidence relied on by defendant in support of its petition for a new trial is merely cumulative, and is not of such a character as to be so controlling upon the point to which it relates that it would probably affect the verdict. It does not, therefore, constitute a sufficient ground for a new trial.   *Potter* v. *Padelford*, 3 R. I. 162;   *Windham Bank* v. *Kendall*, 7 R. I. 77;   *Heaton* v. *Fire Ins. Co.*, *ib.* 502;   Ency. of Ev. vol. 3, 937, *et seq.*, and cases cited.

We are of the opinion that the damages awarded by the jury in this case are excessive, and a new trial will therefore be granted upon this question, unless the plaintiff within ten days from the filing of this opinion will remit all in excess of five thousand dollars and take judgment for that sum with costs.

The case is remanded to the Common Pleas Division for further proceedings in accordance with this opinion.

*David S. Baker, Lewis A. Waterman,* and *Peter J. Quinn,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman,* and *Alonzo R. Williams,* for defendant.